W. B. BEMENT AND JAMES DOUGHERTY, TRADING, &c., AS BEMENT & DOUGHERTY v. THE TRENTON LOCOMOTIVE COMPANY.

1. Where suit is brought upon a lien claim, and it appears that the summons was not issued within a year from the date of the last materials furnished, there can be no recovery.

* *Rev.*, p. 637, § 2.   † *Executor of Henry* ads. *Diley*.   ‡ *Van Note* v. *Downey*

Bement & Dougherty v. Trenton Locomotive Co.

2. The statute requiring the summons to be issued within a year after the date of the last charge in the claim as filed, cannot be evaded by proof that the article was delivered afterwards.

In case. On lien claim against defendants as owners of certain buildings and lands.

This action was tried at the Mercer Circuit Court, and a verdict having been rendered for the plaintiffs, the case was certified into this court for its advice upon certain points, which are particularly specified by the court, in their opinion.

The case was argued by *P. L. Voorhees*, for the plaintiffs, and *E. Mercer Shreve*, for the defendants.

VREDENBURGH, J. This suit was brought on a book account for machines sold by the plaintiffs to the defendants, and which was sought to be enforced as a lien upon the lands of the defendants, under the mechanics lien law.

On the trial the jury, under the direction of the court, found a verdict for the plaintiffs for $4415.78, and the case was certified to this court for their opinion upon the question, whether the buildings and curtilage in the claim specified are subject to the lien.

The lien claim was filed on the fourth day of January, 1863. The date of the first item, as charged in the lien claim filed, is the 21st May, 1862. The date of the last item as charged in the same lien claim, is November 13th, 1862. The summons in the case was issued on the 30th of November, 1863.

The defendants, as owners, resist the lien upon two grounds.

*First.* Because the summons was not issued within a year from the date of the last materials furnished, in the claim filed.

The statute, *Nix. Dig.* 527, § 12,* provides that no lien shall be enforced by virtue of this act, unless the summons in the suit for said purpose shall be issued within one year from the date of the last materials furnished in said claim, and

---

* *Rev.*, p. 671, § 13.

the time of issuing such summons shall be endorsed on the claim by the clerk upon the sealing thereof, and if no such entry be made within one year from such last date, such lien shall be discharged. It appears by the case, as stated here, that the date of the last materials furnished is the 13th of November, 1862, and the summons not issued for more than a year from that date, to wit, on the 30th of November, 1863.

For us to enforce this lien, therefore, would be to enforce what the statute in express terms says, shall not be enforced. There was evidence tending to prove that part of the machinery, although charged on the 13th of November, 1862, was not in fact delivered to the defendants until the 3d of December, 1862, which evidence was admitted by the court, although objected to by the defendants. But that is a question which is not submitted to us by the case. The only question submitted is, whether, upon the whole proof as detailed in this case, the lands are subject to the lien. Admitting such proof, therefore, to have been admitted without objection, I am of opinion that the statute requiring the summons to be issued within a year of the date of the last charge in the claim, as filed, cannot be evaded by proof that the articles were delivered afterwards. The lien must stand by the dates of the items, as stated in the claim filed. The statute expressly says, that unless the clerk shall enter on the claim, the time of issuing the summons within one year of the last date of the items in the claim, the lien shall be discharged. The statute evidently intended, that the date of the last item in the claim, as filed, should be the test, and the only test of the continuance of the lien.

The rights of the parties become fixed upon filing the claim, and we have no more authority to alter those rights in this regard than we have to say, that a last judgment shall have the first lien.

It is objected, in the second place, that there was no proof before the jury that the articles were such fixed machinery as to be subject of a lien, but the conclusion to which we

have come upon the first point, renders it unnecessary to con-- sider this.

Let the Circuit Court be advised that the said lands and buildings are not subject to the lien; with costs of the defend-- ants in these proceedings to be taxed.

AFFIRMED, 3 *Vroom* 513. CITED in *Raymond* v. *Post*, 10 *C. E. Green* 451.